OPINION
{¶ 1} Defendant, Gregory Clemmons, appeals from his conviction and sentence for rape of a child less than ten years of age.
 {¶ 2} On May 23, 2007, five year old J.T. was brought by *Page 2 
her mother to the emergency room at Miami Valley Hospital, complaining of burning when she urinated, pain in her genital area, and a green vaginal discharge. J.T. had disclosed to her mother a few weeks earlier that her grandmother's boyfriend, Defendant, touched her private area. J.T. was examined by Dr. Melissa Williams. J.T. told Dr. Williams the same story. Dr. Williams performed an external examination of J.T.'s vagina and determined that it appeared red and irritated, and that J.T. reacted in pain when the area was touched. Police were called, and Detective Jerome Dix of the Dayton Police Department interviewed J.T. the next day.
 {¶ 3} On May 29, 2007, J.T. was taken to Children's Medical Center, where Dr. Lori Roediger conducted an examination of J.T.'s vagina using a colposcope, an instrument that permits a non-invasive examination. That examination revealed a hymenal abnormality. The hymenal tissue appeared to be flush against the vaginal wall, which is indicative of prior penetrating trauma to the hymen. Dr. Roediger made a diagnosis of suspected sexual maltreatment.
 {¶ 4} Defendant was indicted on one count of rape of a child under the age of ten in violation of R.C. 2907.02(A)(1)(b). The trial court found J.T. competent to testify at trial. Following a jury trial, Defendant was found *Page 3 
guilty as charged. The trial court sentenced Defendant to life imprisonment with parole eligibility after fifteen years, and classified him as a Tier III sex offender.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "CLEMMONS' CONVICTION IS NOT SUPPORTED BY THE SUFFICIENCY OR MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 9} A weight of the evidence argument challenges the *Page 4 
believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. The proper test to apply to that inquiry is the one set forth in State v.Martin (1983), 20 Ohio App.3d 172, 175:
 {¶ 10} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 11} Defendant was found guilty of rape of a child under ten years of age in violation of R.C. 2907.02(A)(1)(b), which provides:
 {¶ 12} "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
 {¶ 13} "The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."
 {¶ 14} "Sexual Conduct" is defined in R.C. 2907.01(A):
 {¶ 15} "`Sexual Conduct' means vaginal intercourse between *Page 5 
a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse."
 {¶ 16} In order to prove rape, the State was required to prove beyond a reasonable doubt that Defendant penetrated J.T.'s vagina, however slightly. State v. Wells, 91 Ohio St.3d 32, 2001-Ohio-3. Defendant argues that his conviction for rape is not supported by sufficient evidence and is against the manifest weight of the evidence because the evidence fails to demonstrate that he penetrated J.T.'s vagina.
 {¶ 17} J.T., who was age six when she testified at trial, said that one day while she was visiting her grandmother, who is Defendant's girlfriend, Defendant took her into the garbage room and closed the door. Defendant pulled J.T.'s underwear down and touched her private parts with his fingers and his "hotdog." Using anatomically correct illustrations of a male and female, J.T. demonstrated that her private part is her vagina and that Defendant's "hotdog" is his penis. J.T. testified that it hurt when Defendant touched as he did. *Page 6 
 {¶ 18} Dr. Lori Roediger testified that her examination of J.T.'s vagina revealed a hymenal abnormality. The hymenal tissue appeared to be flush against the vaginal wall, which is indicative of prior penetrating trauma to the hymen. Although Dr. Roediger did not state as her positive opinion that there had been prior penetrating trauma to J.T.'s hymen, Dr. Roediger testified concerning her differential diagnosis, wherein she concluded that penetrating trauma is the suspected cause because J.T. has no history of the other possible causes for the hymenal abnormality she observed, including genital surgery, accidental genital trauma, or self-inflicted genital trauma.
 {¶ 19} Defendant testified and denied any sexual conduct or contact with J.T. of any kind.
 {¶ 20} J.T.'s testimony that Defendant "touched" her genital area with his fingers and/or penis and that she felt pain when he did reasonably permitted the jury to infer that the pain was associated with the hymenal abnormality that Dr. Roediger diagnosed as being caused by penetrating trauma. The jury could reasonably find from that evidence that Defendant had penetrated J.T.'s vagina with his fingers and/or penis.
 {¶ 21} Viewing the totality of the evidence in a light most favorable to the State, as we must, we conclude that a *Page 7 
rational trier of facts could find all of the essential elements of rape proven beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 22} Reviewing the record as a whole, we cannot say that the evidence weighs heavily against a conviction, that the jury lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice occurred. Defendant's conviction for rape is not against the manifest weight of the evidence.
 {¶ 23} Defendant's first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 24} "THE TRIAL COURT ERRONEOUSLY FOUND THE FIVE YEAR OLD VICTIM COMPETENT TO TESTIFY AT TRIAL."
 {¶ 25} Defendant argues that the trial court abused its discretion in finding the five year old victim, J.T., competent to testify at trial because a review of the child's testimony at trial reveals that she has very little recollection of the events about which she testified, and that the prosecutor had to repeatedly use leading questions to develop the child's testimony.
 {¶ 26} Evid. R. 601(A) provides:
 {¶ 27} "Every person is competent to be a witness except: *Page 8 
 {¶ 28} "(A) Those of unsound mind, and children under ten years of age, who appear incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly."
 {¶ 29} Pursuant to Evid. R. 601(A), the competency of children under ten years of age is not presumed but rather must be established by the proponent of the witness. State v. Clark, 71 Ohio St.3d 466,1994-Ohio-43. It is the duty of the trial judge to conduct a voir dire examination of a child under ten years of age to determine the child's competency to testify. State v. Frazier (1991), 61 Ohio St.3d 247. Such a determination is within the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of the trial court's discretion. Frazier; Clark. An abuse of discretion means more than a mere error of law or judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the court. State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 30} In State v. Frazier (1991), 61 Ohio St.3d 247, the Ohio Supreme Court stated:
 {¶ 31} "In determining whether a child under ten is competent to testify, the trial court must take into consideration (1) the child's ability to receive accurate *Page 9 
impressions of fact or to observe acts about which he or she will testify, (2) the child's ability to recollect those impressions or observations, (3) the child's ability to communicate what was observed, (4) the child's understanding of truth and falsity and (5) the child's appreciation of his or her responsibility to be truthful." Syllabus.
 {¶ 32} A review of the competency examination of J.T. conducted by the trial court on April 11, 2008, demonstrates that J.T. knew and was able to relate her name and age, that she is in first grade, the name of her teacher, who she lives with, the ages of her siblings, the name of her best friend, and her favorite television show. J.T. also demonstrated that she understood the difference between the truth and a lie, and the need to be truthful. J.T. stated that if she told a lie at school she would get in trouble, and if she told a lie at home she would get a whipping. J.T.'s responses to the court's questions demonstrate that she is capable of accurately receiving, recalling and relating impressions of fact or observations, and the trial court did not abuse its discretion in finding her competent to testify.
 {¶ 33} Evid. R. 611(C) indicates that leading questions should not be used on the direct examination of a witness, "except as may be necessary to develop the witness' *Page 10 
testimony." In overruling Defendant's objection that the prosecutor was using too many leading questions when examining J.T., the trial court indicated that given J.T.'s tender age, leading questions were appropriate. We agree, especially in cases such as this one involving young children who are alleged victims of sexual abuse. State v.Rector Carroll App. No. 01AP758, 2002-Ohio-7442. We see no abuse of discretion on the part of the trial court in that regard.
 {¶ 34} Whether a child less than ten years of age is competent to testify is a question of law for the court to determine. Whether testimony the child then gives is reliable is a question of fact for the jury to decide. State v. DeHass (1967), 10 Ohio St.2d 230. The jury apparently found J.T. sufficiently credible that it found Defendant guilty. Defendant's challenge to the reliability of J.T.'s testimony was resolved against him in the prior assignment of error.
 {¶ 35} Defendant's second assignment of error is overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 36} "THE TRIAL COURT ERRONEOUSLY PERMITTED THE VICTIM'S OUT OF COURT STATEMENTS TO BE INTRODUCED AT TRIAL."
 {¶ 37} Defendant argues that the trial court abused its discretion in admitting Dr. Williams' testimony concerning J.T.'s statements to Dr. Williams about sexual abuse, *Page 11 
including the identity of the perpetrator. Defendant claims that Dr. Williams' questions to J.T. and her responses exceeded those necessary for J.T.'s medical diagnosis and treatment, and accordingly those hearsay statements should not have been admitted.
 {¶ 38} Defendant failed to object to Dr. Williams' testimony concerning J.T.'s out of court statements. Accordingly, Defendant has waived all but plain error. State v. Wickline 1990), 50 Ohio St.3d 114. Plain error does not exist unless it can be said that but for the error, the outcome of the trial clearly would have been otherwise. State v.Long 1978), 53 Ohio St.2d 91.
 {¶ 39} "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid. R. 801(C). Hearsay evidence is not admissible, except as provided by law, including the Rules of Evidence. Evid. R. 802.
 {¶ 40} Evid. R. 803(4) authorizes admission of out-of-court statements the declarant made for purposes of medical diagnosis or treatment, including "the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *Page 12 
 {¶ 41} Evid. R. 801(D) provides that an out-of-court statement is not hearsay when:
 {¶ 42} "(1) the declarant testifies at trial or hearing and is subject to cross-examination concerning the statement, and the statement is . . . (c) one of identification of a person soon after perceiving the person, if the circumstances demonstrate the reliability of the prior identification."
 {¶ 43} "Statements made by a child during a medical examination identifying the perpetrator of sexual abuse, if made for purpose of diagnosis and treatment, are admissible pursuant to Evid. R. 803(4), when such statements are made for the purposes enumerated in that rule."State v. Dever 1992), 64 Ohio St. 3d 401, at paragraph two of the Syllabus.
 {¶ 44} The State offered evidence that the questions Dr. Williams asked J.T. concerning possible sexual abuse were for the purpose of determining the inception or general character of the cause of J.T.'s condition or its source. Dr. Williams' testimony concerning the statements J.T. made concerning those matters were therefore admissible. Evid. R. 803(4). Defendant was well-known to J.T., who testified at trial and was subject to cross-examination. Evid. R. 801(D)(1)(c). J.T.'s identification of Defendant as the perpetrator was therefore admissible through the testimony of Dr. Williams. Dever; *Page 13 State v. Burgess Nov. 8, 1996), Montgomery App. No. 15548.
 {¶ 45} Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FROELICH, J., concur. *Page 1