[Cite as *State v. Clemmons*, 2011-Ohio-4474.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

   Plaintiff-Appellee                          :
                                     C.A.   CASE   NO. 24377

v.                                               :          T.C.      NO. 07CR4544

GREGORY CLEMMONS                      :          (Criminal appeal from
                                                              Common Pleas Court)
   Defendant-Appellant                        :

                                                 :

                          . . . . . . . . . .

                          **O P I N I O N**

          Rendered on the   2nd   day of   September  , 2011.

                          . . . . . . . . . .

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
          Attorney for Plaintiff-Appellee

GREGORY CLEMMONS, #A577-226, Lebanon Correctional Institution, P. O. Box 56, Lebanon, Ohio 45036
          Defendant-Appellant

                          . . . . . . . . . .

CELEBREZZE, J. (by assignment)

{¶ 1} Appellant, Gregory Clemmons, appeals the denial of his motion for postconviction DNA testing. Appellant, acting pro se, argues that the trial court erred in refusing his request. After a thorough review of the record and law, we affirm.

{¶ 2} In 2007, appellant was indicted for the rape of a child under the age of ten. A jury trial ended in appellant's conviction and sentence of life in prison. Appellant has filed numerous appeals and postconviction motions without success.

{¶ 3} On August 24, 2010, appellant filed an application for DNA testing. In his application, he claimed he did not have any sexually transmitted diseases, but that the victim, J.T.,[1] was treated for a sexually transmitted disease when she received medical treatment a few weeks after the incidence of sexual abuse. He argued that he could not have been the perpetrator and that a DNA test of the milky green discharge found in the victim's underwear would prove his innocence. He also made various other arguments about ineffective assistance of counsel and violations of his right to confront witnesses against him and attached various documents to his application.

{¶ 4} The trial court dismissed appellant's arguments attacking his conviction and focused solely on the information related to his application for DNA testing. The court then determined from the testimony adduced at trial that no "evidence was obtained from any source which contained the DNA of the alleged perpetrator of the offense." The underwear collected did not contain any DNA from the perpetrator because the incident had occurred in the weeks prior to the victim's hospital examination.

{¶ 5} The court denied appellant's motion on November 8, 2010, and this appeal

---

[1]The victim will be referred to only by her initials in this opinion.

followed.

## Law and Analysis

### Right to DNA Testing

{¶ 6} Appellant claims that "[t]he trial court erred in not granting [his] petition for DNA testing violating Article I, Section 16 to the Ohio Constitution [and] the Sixth and Fourteenth Amendments to the United States Constitution."[2]

{¶ 7} R.C. 2953.71 et seq. establishes a procedure whereby convicted individuals may petition their respective trial courts to conduct DNA testing. However, R.C. 2953.72(C) sets forth eligibility for such testing, stating, "[a]n offender is eligible * * * only if all of the following apply:

{¶ 8} "(a) The offense for which the offender claims to be an eligible offender is a felony, and the offender was convicted by a judge or jury of that offense.

{¶ 9} "(b) One of the following applies:

{¶ 10} "* * *

{¶ 11} "(iii) The felony described in division (C)(1)(a) of this section was a sexually oriented offense or child-victim oriented offense, and the offender has a duty to comply with sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code relative to that felony."[3]

---

[2]Appellant also submitted a reply brief where he assigned supplemental errors, but did not provide a clear statement of these errors. All of these arguments do not address the denial of his petition for DNA testing, but are collateral challenges to his conviction. These errors are not properly raised in an application for DNA testing and are not properly before this court. They will not be addressed.

{¶ 12} While appellant meets these initial criteria, he must further demonstrate that "(1) biological material was collected from the crime scene or the victim(s), and the parent sample of that biological material still exists; (2) the parent sample of the biological material is sufficient, demonstrably uncorrupted, and scientifically suitable for testing; (3) the identity of the perpetrator of the charged offense was an issue at the inmate's trial; (4) a defense theory at trial was such that it would permit a conclusion that an 'exclusion result will be outcome determinative'; and (5) 'if DNA testing is conducted and an exclusion result is obtained, the results of the testing would be outcome determinative.'" *State v. Emerick*, 170 Ohio App.3d 647, 2007-Ohio-1334, ¶15, quoting R.C. 2953.74(B) and (C).

{¶ 13} All of these elements must be met in order for a trial court to accept an application for DNA testing. Id. at ¶16, citing *State v. Hayden*, Montgomery App. No. 20747, 2005-Ohio-4025. R.C. 2953.74(A) provides a trial court with discretion to evaluate each petition on a case-by-case basis. Therefore, we review the trial court's decision for abuse of discretion, which implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

{¶ 14} Here, appellant's application requested the testing of a green substance found in the victim's underwear for sexually transmitted diseases. Appellant is under the mistaken belief that the victim was treated for such a disease. However, even if this were the case, appellant has failed to identify any material or evidence that could be tested for the presence of the perpetrator's DNA.

{¶ 15} Hospital staff who examined the victim for signs of sexual abuse found that she had a urinary tract infection and that she had previously been prescribed antibiotics. She was

---

[3]The statute also imposes further restrictions not involved in this case.

tested for the presence of sexually transmitted diseases, but none were found. The evidence adduced at trial reveals that the victim was never diagnosed or treated for a sexually transmitted disease, as appellant claims.

{¶ 16} In a well reasoned and thorough opinion, the trial court found that, "even if the court were to accept his arguments as true, the presence or absence of sexually transmitted diseases would not be outcome determinative, since J.T. did not test positive for any sexually transmitted disease * * *. [Appellant's] argument simply ignores the uncontroverted testimony at trial that the child did not suffer from any sexually transmitted disease * * *."

{¶ 17} Where the requested testing would not be outcome determinative, the court may deny the application without further analysis. *State v. Buehler*, 113 Ohio St.3d 114, 2007-Ohio-1246, ¶30-34. "Outcome determinative" is defined to mean that, "had the results of DNA testing been presented at the trial of the subject inmate requesting DNA testing * * * and had those results been analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, there is a strong probability that no reasonable factfinder would have found the inmate guilty of that offense * * *." R.C. 2953.71(L).

{¶ 18} Here, the trial court's decision that the testing of green discharge found in the underwear of the victim would not produce evidence that is outcome determinative is supported in the record. This biological sample does not contain genetic material of the perpetrator, and any test would not exclude appellant even if his arguments were correct. This conclusion, and the denial of appellant's application for DNA testing, was not an abuse of the trial court's discretion. Therefore, appellant's sole assignment of error is overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Johnna M. Shia
Gregory Clemmons
Hon. Mary Katherine Huffman