[Cite as *State v. Clemmons*, 2018-Ohio-2747.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27769 |
| | : | |
| v. | : | Trial Court Case No. 07-CR-4544 |
| | : | |
| GREGORY CLEMMONS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 13th day of July, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by SARAH E. HUTNIK, Atty. Reg. No. 0095900, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

GREGORY CLEMMONS, #577-226, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

FROELICH, J.

{¶ 1} Gregory Clemmons appeals from a judgment of the Montgomery County Court of Common Pleas, which resentenced him for the sole purpose of properly imposing post-release control. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} In April 2008, after a jury trial, Clemmons was convicted of rape of a child under the age of ten. The trial court sentenced him to 15 years to life in prison and designated him a Tier III sex offender. The judgment entry included a notification that Clemmons "will be supervised by the Parole Board for a period of **FIVE** years Post-Release Control after the defendant's release from imprisonment." (Emphasis sic.) We affirmed Clemmons's conviction on direct appeal. *State v. Clemmons*, 2d Dist. Montgomery No. 22747, 2009-Ohio-2066.

{¶ 3} In 2009, Clemmons sought post-conviction relief, which was denied. Clemmons appealed that decision, but the appeal was dismissed for failure to prosecute the matter. *State v. Clemmons*, 2d Dist. Montgomery No. 23629 (Jan. 25, 2010). Clemmons subsequently sought post-conviction DNA testing, which was denied. We affirmed that decision. *State v. Clemmons*, 2d Dist. Montgomery No. 24377, 2011-Ohio-4474.

{¶ 4} In December 2013, Clemmons filed motions to vacate his sentence, which were not resolved by the trial court. On August 18, 2017, Clemmons filed a "motion to correct an illegal sentence," claiming that the trial court failed to properly notify him that he was subject to post-release control. Clemmons argued that his post-release control obligation was included in the judgment entry, but he was not notified of that obligation at

sentencing.

{¶ 5} On September 19, 2017, the trial court held a sentencing hearing to address post-release control. At the hearing, the court informed Clemmons that the resentencing was on post-release control only and that he had already been sentenced on the rape offense. The court allowed Clemmons to make a statement on his own behalf, and Clemmons expressed that the State used false testimony to obtain his conviction. Clemmons stated that there were "seven different versions" of the accusation against him, and he asserted that the jurors would not have convicted him had they known about the multiple versions.

{¶ 6} The trial court responded to Clemmons that the hearing was for resentencing on post-release control only, that "all of the arguments and statements you have made today have been issues that you have raised previously," that his conviction had been affirmed on appeal, and that the issues raised by him were barred by res judicata. The court then informed Clemmons that, following his release from prison, he would be required to serve a mandatory period of post-release control for five years. The court also told Clemmons the consequences should he violate post-release control.

{¶ 7} On September 21, 2017, the trial court entered an amended judgment entry which again included Clemmons's mandatory five-year post-release control obligation.

{¶ 8} Clemmons appeals from the amended judgment entry. He raises five assignments of error, namely that (1) the prosecutor engaged in misconduct at trial, (2) the indictment was insufficient to put him on fair notice of the charges against him, (3) the State failed to disclose prior inconsistent statements by his accuser, (4) the court erred in relying on "perjured testimony of Detective Dix" in denying Clemmons's motion

to suppress, and (5) the trial court erred when it denied him the opportunity to present evidence of other possible perpetrators.

{¶ 9} If the defendant has committed an offense subject to post-release control under R.C. 2967.28, the trial court must notify the defendant at sentencing of the post-release control requirement and the consequences if the defendant violates post-release control. R.C. 2929.19; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 18. It is well-established that when a judge fails to impose the required post-release control as part of a defendant's sentence, "that *part* of the sentence is void and must be set aside." (Emphasis in original.) *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26; *see also State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. The improper post-release control sanction "may be reviewed at any time, on direct appeal or by collateral attack." *Fischer* at ¶ 27. However, res judicata still applies to all other aspects of conviction, including the determination of guilt and the lawful elements of the sentence." *Id.* at ¶ 40; *Boyd v. State*, 2d Dist. Montgomery No. 27553, 2018-Ohio-108, ¶ 33.

{¶ 10} "Res judicata" means that a final decision has previously been made; it serves to preclude a party who had his or her day in court from seeking a second hearing on the same issue. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18; *Jones v. Mohler*, 2d Dist. Montgomery No. 27105, 2017-Ohio-2683, fn.1.

{¶ 11} Clemmons's conviction was affirmed on direct appeal, and the trial court had jurisdiction at the resentencing hearing only to properly impose post-release control. Pursuant to *Fischer*, all of Clemmons's assignments of error, which relate to pretrial or trial matters, are barred by res judicata.

**{¶ 12}** Clemmons claims that we should not follow *Fischer*, because *Fischer* is contrary to authority from the United States Supreme Court and federal appellate courts. As an intermediate appellate court, we are required to follow the holdings of the Ohio Supreme Court, which is the ultimate authority on matters of state law. And, even with respect to federal law, state courts generally are not bound by decisions of federal courts, except for decisions of the United States Supreme Court. *State v. Gillispie*, 2016-Ohio-7688, 65 N.E.3d 791, ¶ 30 (2d Dist.). Upon review of the authority cited by Clemmons, we remain convinced that we must follow *Fischer*.

**{¶ 13}** Clemmons's assignments of error are overruled.

**{¶ 14}** The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Mathias H. Heck
Sarah E. Hutnik
Gregory Clemmons
Hon. Mary Katherine Huffman