[Cite as *State v. Clemmons*, 2019-Ohio-2997.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO       :
            :
  Plaintiff-Appellee    :  Appellate Case No. 28085
            :
v.           :  Trial Court Case No. 2007-CR-4544
            :
GREGORY CLEMMONS    :  (Criminal Appeal from
            :   Common Pleas Court)
  Defendant-Appellant   :
            :

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2019.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

GREGORY CLEMMONS, #A577-226, P.O. Box 69, London, Ohio 43140
  Defendant-Appellant, Pro Se

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Gregory Clemmons, pro se, appeals from a judgment of the Montgomery County Court of Common Pleas, which denied his petition for postconviction relief. For the following reasons, the trial court's judgment will be affirmed.

## I. Procedural History

{¶ 2} In April 2008, after a jury trial, Clemmons was convicted of rape of a child under the age of ten. The trial court sentenced him to 15 years to life in prison and designated him a Tier III sex offender. We affirmed Clemmons's conviction on direct appeal. *State v. Clemmons*, 2d Dist. Montgomery No. 22749, 2009-Ohio-2066.

{¶ 3} In February 2009, Clemmons sought postconviction relief, raising that his conviction was not supported with sufficient evidence and that his trial counsel was ineffective for failing to file a notice of alibi and to call alibi witnesses at trial. Clemmons presented affidavits from two potential defense witnesses, who indicated that defense counsel had told them they would not testify. With leave of court, Clemmons amended his petition in April 2009. He included several additional exhibits, including (1) several of his own statements, (2) excerpts of the trial transcript, (3) his booking information at the jail, (4) an affidavit from his daughter, which claimed that the victim's step-father should have been pursued by the police as an alternate suspect, (5) evidence that Island MetroPark's fountains began operating on May 28, 2007, and (6) an affidavit from a potential defense witness that the bathroom where the incident allegedly occurred did not have a door. The trial court denied Clemmons's petition. Clemmons appealed that decision, but the appeal was dismissed for failure to prosecute the matter. *State v. Clemmons*, 2d Dist. Montgomery No. 23629 (Jan. 25, 2010).

{¶ 4} Clemmons subsequently sought postconviction DNA testing, which was denied. We affirmed that order. *State v. Clemmons*, 2d Dist. Montgomery No. 24377, 2011-Ohio-4474.

{¶ 5} In December 2013, Clemmons filed motions to vacate his sentence, which were not resolved by the trial court. On August 18, 2017, Clemmons filed a "motion to correct an illegal sentence," claiming that the trial court failed to properly notify him that he was subject to post-release control. Clemmons argued that his post-release control obligation was included in the judgment entry, but he was not notified of that obligation at sentencing.

{¶ 6} On September 19, 2017, the trial court held a sentencing hearing to address post-release control. At the hearing, the trial court informed Clemmons that the resentencing was on post-release control only and that he had already been sentenced on the rape offense. The court allowed Clemmons to make a statement on his own behalf, and Clemmons expressed that the State used false testimony to obtain his conviction. Clemmons stated that there were "seven different versions" of the accusation against him, and he asserted that the jurors would not have convicted him had they known about the multiple versions.

{¶ 7} The trial court responded to Clemmons that the hearing was for resentencing on post-release control only, that "all of the arguments and statements you have made today have been issues that you have raised previously," that his conviction had been affirmed on appeal, and that the issues raised by him were barred by res judicata. The court then orally imposed post-release control. On September 21, 2017, the court filed an amended judgment entry, which reiterated the previously-imposed sentence and

indicated that Clemmons had been resentenced for the advisement of post-release control only.

**{¶ 8}** Clemmons appealed from the amended judgment entry, raising that (1) the prosecutor engaged in misconduct at trial, (2) the indictment was insufficient to put him on fair notice of the charges against him, (3) the State failed to disclose prior inconsistent statements by his accuser, (4) the court erred in relying on "perjured testimony of Detective Dix" in denying Clemmons's motion to suppress, and (5) the trial court erred when it denied him the opportunity to present evidence of other possible perpetrators. *State v. Clemmons*, 2d Dist. Montgomery No. 27769, 2018-Ohio-2747, ¶ 8.

**{¶ 9}** On March 26, 2018, prior to our resolution of Clemmons's appeal, Clemmons filed in the trial court a "petition to vacate or set aside judgment of conviction or sentence (evidentiary hearing requested)." In his petition, Clemmons asserted that the amended judgment entry was a new judgment, which allowed him to "attack both the new sentence and the undisturbed original conviction." Clemmons stated that his petition was timely, because it was filed within one year of the new sentence and judgment. Clemmons's petition claimed that his trial counsel had rendered ineffective assistance by (1) failing to investigate the accuser's claims and his alibi, (2) failing to investigate inconsistencies in the accuser's statements to the government, (3) failing to consult with an expert witness regarding the forensic interview, and (4) failing to call witnesses that counsel had scheduled to testify at trial and/or to offer a defense at trial. Clemmons also claimed that the cumulative effect of his trial counsel's errors deprived him of a fair trial.

**{¶ 10}** In his accompanying affidavit, Clemmons stated that he was accused of committing the rape between January 1, 2007 and May 23, 2007. The complainant had

indicated that the rape occurred when Clemmons had brought her to a local park to play in the fountains. Clemmons stated that his attorney never investigated when the fountains were functioning, and that Clemmons contacted Five Rivers Metro Parks after the trial and learned that the fountains began operating on May 28, 2007. Clemmons also stated, among other things, that he had witnesses who would have testified that he had no contact with the complainant during the time frame alleged in the indictment, and although those witnesses were subpoenaed by defense counsel, counsel told them to leave.

{¶ 11} Clemmons supported his petition with several documents. The first was his own affidavit, which verified the facts contained in his petition. The second was correspondence dated November 30, 2009 from Five Rivers Metroparks to Clemmons regarding the first date of operation for the water play system at Island MetroPark. Clemmons also attached the same three affidavits that had previously been included with his 2009 petition for postconviction relief, i.e., the affidavits of two potential witnesses and his daughter.

{¶ 12} The State moved to dismiss Clemmon's petition as successive and untimely.

{¶ 13} On July 6, 2018, the trial court sustained the State's motion to dismiss and overruled Clemmon's petition as successive and untimely. The trial court detailed the statements in Clemmons's affidavit and reiterated the trial court's ruling on his 2009 petition for postconviction relief. The court ruled:

> Clemmons' 2009 Petition for Post-Conviction Relief was premised, among other arguments, on his claim that his trial counsel was ineffective

because the State failed to narrow the time frame for the indictment so that he could develop an alibi. Furthermore, the affidavits attached to Clemmons' petition and the information and allegations contained therein are the same or contain the similar information as included in his 2009 Petition, or were matters known to him since his trial and conviction, and are not newly discovered.

Parenthetically, the court notes that Petitioner claims that the only evidence supporting his conviction was the testimony of the minor child. However, Petitioner's arguments ignore the physical evidence of injury to the minor child as demonstrated through the testimony at trial. The court finds that Defendant's Motion/Petition is untimely. The Motion/Petition was filed almost a decade after the expiration of the statutory time within which a timely petition was required. Clemons' [sic] resentencing in 2017 did not serve to begin the clock running again for purposes of a timely post-conviction petition. Additionally, Defendant has failed to show that he was unavoidably prevented from discovery of the facts upon which the petitioner relies to present his claims for relief. All of the allegations in Clemmons's petition relate to matters within the record, which precludes post-conviction relief, or which he raised in his previous post-conviction petition, and he has failed to demonstrate that he was unavoidably prevented from discovering the issue.

Furthermore, since the Motion/Petition pending before this court is Defendant's second effort at obtaining post-conviction relief, the court must

consider whether it has the authority to hear this successive petition. O.R.C. §2953.23 specifically prohibits a court from considering a second or successive petition for post-conviction relief, absent a showing of the extraordinary circumstances listed in that statute.

Any matters that could have been raised on direct appeal, or any matters that were raised on direct appeal and resolved adversely to the defendant are barred by the doctrine of *res judicata*. Further, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment or conviction, or an appeal from that judgment.

The court finds that Defendant/Petitioner has not demonstrated any extraordinary circumstances upon which this court could consider this, his second Petition for post-conviction relief. His claims relate to matters that occurred during the prosecution of the case and matters within the record, as well as matters raised and adjudicated in his first petition for post-conviction relief. The substance of the affidavits attached to Clemmons' petition were either known to him in 2008 at the time of his trial and conviction, or matters raised at the time of his first petition for postconviction relief in 2009.

After reviewing this matter and all of the facts alleged by Defendant, the court finds that the allegations contained in the Motion/Petition have

been rendered *res judicata* when he had the opportunity to appeal his conviction, and his conviction was affirmed by the Second District Court of Appeals and through his first petition for post-conviction relief. Clemmons has not offered any evidence of extraordinary circumstances to support his second Petition. As such, this court lacks jurisdiction to consider his Motion/Petitions [sic].

**{¶ 14}** On July 13, 2018, we affirmed the trial court's amended judgment entry. We stated:

Clemmons's conviction was affirmed on direct appeal, and the trial court had jurisdiction at the resentencing hearing only to properly impose post-release control. Pursuant to [*State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332], all of Clemmons's assignments of error, which relate to pretrial or trial matters, are barred by res judicata.

*State v. Clemmons*, 2d Dist. Montgomery No. 27769, 2018-Ohio-2747, ¶ 11.

**{¶ 15}** Clemmons appeals from the trial court's dismissal and overruling of his petition for postconviction relief.

## II. Standard of Review

**{¶ 16}** In his sole assignment of error, Clemmons claims that the trial court "erred and abused its discretion when it failed to grant [him] relief or, at a minimum, an evidentiary hearing, contrary to R.C. 2953.21 and [his] right to due process guaranteed by the Ohio and U.S. Constitutions."

**{¶ 17}** A petition for postconviction relief "is a means by which the petitioner may present constitutional issues to the court that would otherwise be impossible to review

because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 14 (2d Dist.), quoting *State v. Monroe*, 2015-Ohio-844, 29 N.E.3d 391, ¶ 37 (10th Dist.). A postconviction proceeding is not an appeal from a criminal conviction; rather, it is a "civil collateral attack on a criminal judgment." *State v. Wells*, 2d Dist. Montgomery No. 22389, 2008-Ohio-4932, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999).

{¶ 18} We review a denial of a petition for postconviction relief for which no hearing was held under an abuse of discretion standard. *State v. Harden*, 2d Dist. Montgomery 23617, 2010-Ohio-3343, ¶ 10. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 5, citing *State v. Jenkins*, 2d Dist. Montgomery No. 27173, 2017-Ohio-1073, ¶ 10.

{¶ 19} When a direct appeal of the judgment of conviction has been taken (as in Clemmons's case), a petition for postconviction relief must be filed no later than 365 days "after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication." R.C. 2953.21(A)(2). Trial courts lack jurisdiction to consider an untimely or successive petition for postconviction relief, unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012 CA 33, 2013-Ohio-1921, ¶ 16.

{¶ 20} Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for postconviction relief unless (1) the defendant was unavoidably prevented from discovering the facts upon which he or she relies to present the claim, or

(2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right. The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty.   R.C. 2953.23(A)(1)(b).

{¶ 21} "[A] criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing."   *Calhoun*, 86 Ohio St.3d 279, 282, 714 N.E.2d 905.   Rather, the court first is to decide "whether there are grounds to believe that 'there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' "   *Id.* at 283, quoting R.C. 2953.21(A)(1).   Thus, in order to be entitled to a hearing, Clemmons bore the initial burden to provide evidentiary materials containing sufficient operative facts to demonstrate a claim of constitutional error.   *State v. Wood*, 2d Dist. Clark No. 2018-CA-1, 2018-Ohio-3204, ¶ 23, citing *State v. Kapper*, 5 Ohio St.3d 36, 38-39, 448 N.E.2d 823 (1983).

### III. Review of Clemmons's Petition

{¶ 22} Clemmons's petition for postconviction relief was both successive and untimely.   Clemmons filed a direct appeal of his conviction, and the trial transcripts were filed with the appellate court on August 15, 2008 (motion hearing, final pretrial conference, suppression hearing, and jury trial) and February 11, 2009 (transcript of certification of minor child).   *See Clemmons*, 2d Dist. Montgomery No. 22749, 2009-Ohio-2066.   Clemmons filed a timely petition for postconviction relief on February 27, 2009.   Clemmons filed the present "petition to vacate or set aside judgment of conviction or

sentence (evidentiary hearing requested)" on March 26, 2018, more than nine years after the filing of the trial transcripts, and he previously had sought postconviction relief.

**{¶ 23}** Clemmons asserts that his petition was nevertheless timely, because the trial court's filing of an amended judgment entry constituted a new judgment from which he could challenge his underlying conviction. We disagree. Although Clemmons was resentenced with respect to post-release control because he had not been properly notified of that obligation, "a resentencing hearing does not restart the clock for post-conviction relief purposes in relation to any claims attacking the conviction underlying the sentence." *State v. Yates*, 2d Dist. Montgomery No. 25308, 2013-Ohio-3388, ¶ 9, citing *State v. Dawson*, 2d Dist. Greene No. 2012-CA-54, 2013-Ohio-1817, ¶ 11-13. Accordingly, having filed his present petition for postconviction relief more than 365 days after the filing of the transcripts in his direct appeal, Clemmons's petition was untimely.

**{¶ 24}** Moreover, Clemmons has not established that he could not have raised the arguments presented in his present petition/motion in his prior petition for postconviction relief. To the contrary, most of Clemmons's claims were raised in his prior 2009 petition, and it is apparent that Clemmons's other claims (such as failing to consult with an expert witness regarding the forensic interview) could have been raised in the prior petition.

**{¶ 25}** "Res judicata" means that a final decision has previously been made; it serves to preclude a party who had his or her day in court from seeking a second hearing on the same issue. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18; *State v. Martin*, 2d Dist. Montgomery No. 27844, 2018-Ohio-3505, ¶ 12. "Pursuant to the doctrine of res judicata, a valid final judgment on the merits bars all subsequent actions based on any claim arising out of the transaction or occurrence that

was the subject matter of the previous action." *State v. Collins*, 2d Dist. Montgomery No. 25612, 2013-Ohio-3645, ¶ 9, citing *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995). Res judicata applies to any claim that was raised or could have been raised in a prior petition for postconviction relief. *E.g., State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 18; *State v. McCain*, 2d Dist. Montgomery No. 27195, 2017-Ohio-7518, ¶ 35 ("res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions * * * that could have been raised, but were not, in the first post-conviction relief petition"). All of Clemmons's claims in his 2018 petition for postconviction relief are barred by res judicata.

{¶ 26} Clemmons's assignment of error is overruled.

### IV. Conclusion

{¶ 27} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and DONOVAN, J., concur.


Copies sent to:

Mathias H. Heck
Andrew T. French
Gregory Clemmons
Hon. Mary Katherine Huffman