[Cite as *State v. Clemmons*, 2022-Ohio-27.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29204 |
| | : | |
| v. | : | Trial Court Case No. 2007-CR-4544 |
| | : | |
| GREGORY CLEMMONS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of January, 2022.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

GREGORY CLEMMONS, Inmate No. A577-226, London Correctional Institution, P.O. Box 69, London, Ohio 43140
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Gregory Clemmons, appeals pro se from a judgment of the Montgomery County Court of Common Pleas, which denied his post-conviction "Claim of Actual Innocence." For the reasons outlined below, the judgment of the trial court will be affirmed.

## Facts and Course of Proceedings

{¶ 2} In April 2008, a jury found Clemmons guilty of rape of a child under the age of ten. The trial court sentenced Clemmons to 15 years to life in prison and designated him a Tier III sex offender. Clemmons thereafter appealed from his conviction, which this court affirmed in *State v. Clemmons*, 2d Dist. Montgomery No. 22749, 2009-Ohio-2066 ("*Clemmons I*").

{¶ 3} In February 2009, Clemmons filed a petition for post-conviction relief. In the petition, Clemmons argued that his conviction was not supported by sufficient evidence and that his trial counsel was ineffective for failing to file a notice of alibi and for failing to call alibi witnesses at trial. The trial court denied Clemmons's petition and Clemmons appealed. This court subsequently dismissed Clemmons's appeal for his failure to prosecute the matter. *State v. Clemmons*, 2d Dist. Montgomery No. 23629 (Decision & Final Judgment Entry, Jan. 25, 2010).

{¶ 4} In August 2010, Clemmons filed an application to have DNA testing performed on discharge found in the victim's underwear in an effort to establish his innocence. In the application, Clemmons also made various arguments about ineffective assistance of counsel and violations of his right to confront the witnesses against him.

The trial court denied Clemmons's motion, and we affirmed that decision in *State v. Clemmons*, 2d Dist. Montgomery No. 24377, 2011-Ohio-4474 ("*Clemmons II*").

{¶ 5} On August 18, 2017, Clemmons filed a "Motion to Correct an Illegal Sentence," in which he claimed that the trial court had failed to properly notify him of post-release control. Clemmons argued that while his post-release control obligation had been included in his sentencing entry, he had not been notified of the obligation at the sentencing hearing. In response to Clemmons's motion, the trial court held a resentencing hearing and orally imposed post-release control. The trial court also filed an amended sentencing entry, which reiterated the previously-imposed sentence and indicated that Clemmons had been resentenced for post-release control purposes only.

{¶ 6} During the resentencing hearing, Clemmons argued that the State had used false testimony to obtain his conviction and that the jury had not been made aware of all the varying accusations against him. In response, the trial court advised Clemmons that the resentencing hearing was solely for the purpose of imposing post-release control and that all of Clemmons's arguments were barred by res judicata. Clemmons thereafter appealed from the amended sentencing entry and raised several arguments relating to pretrial and trial matters underlying his original conviction.

{¶ 7} On July 13, 2018, this court affirmed the trial court's amended sentencing entry. In so holding, we agreed that Clemmons's arguments relating to pretrial and trial matters were barred by res judicata. *State v. Clemmons*, 2d Dist. Montgomery No. 27769, 2018-Ohio-2747 ("*Clemmons III*").

{¶ 8} On March 26, 2018, while Clemmons's appeal from the amended sentencing entry was still pending, Clemmons filed a second petition for post-conviction relief

claiming that his trial counsel had rendered ineffective assistance by failing to: (1) investigate the victim's rape allegations and Clemmons's alibi; (2) investigate inconsistencies in the victim's statements to the government; (3) consult with an expert witness regarding the victim's forensic interview; and (4) call certain witnesses at trial whom Clemmons believed would have aided his defense.

{¶ 9} On July 6, 2018, the trial court overruled Clemmons's petition as untimely and impermissibly successive. The trial court also determined that Clemmons's ineffective assistance claims were barred by the doctrine of res judicata. Clemmons thereafter appealed from the trial court's decision, which we affirmed in *State v. Clemmons*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997 ("*Clemmons IV*").

{¶ 10} On May 17, 2021, Clemmons filed a "Claim of Actual Innocence," wherein Clemmons alleged that his rape conviction was void because he was, for various reasons, denied his constitutional rights to a fair trial and due process. Specifically, Clemmons argued that: (1) the State had engaged in prosecutorial misconduct by knowingly presenting perjured testimony, failing to disclose evidence favorable to Clemmons, failing to correct false testimony, and interjecting the State's opinions about Clemmons's guilt during closing argument; (2) his conviction was not supported by sufficient evidence because the State did not produce substantial, competent evidence on all elements of the rape offense as charged in the indictment; and (3) his trial counsel had provided ineffective assistance because counsel failed to interview witnesses prior to trial, present case law in Clemmons's defense, challenge certain trial exhibits submitted by the State, have Clemmons's mental competency assessed by a psychiatrist, object to certain witness testimony and the State's closing argument, request a lesser-included-offense

jury instruction, obtain exculpatory evidence and DNA testing, and request an evidentiary hearing on alleged *Brady* material.

{¶ 11} On July 2, 2021, the trial court issued a decision denying Clemmons's "Claim of Actual Innocence."   In so holding, the trial court found that it was an untimely, successive petition for post-conviction relief that the trial court lacked jurisdiction to consider.   The trial court also found that the arguments raised by Clemmons in the "Claim of Actual Innocence" were barred by the doctrine of res judicata.

{¶ 12} Clemmons now appeals from the trial court's denial of his "Claim of Actual Innocence," raising four assignments of error for review.   For purposes of clarity, we will address Clemmons's assignments of error out of order.

**Fourth Assignment of Error**

{¶ 13} Under his fourth assignment of error, Clemmons contends that the trial court erred by construing his "Claim of Actual Innocence" as a petition for post-conviction relief. We disagree.

{¶ 14} "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged."   *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12, citing *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, 773 N.E.2d 522, ¶ 10.   (Other citation omitted.)   "When a motion is filed subsequent to a direct appeal * * *, claims the denial of constitutional rights, seeks to render the judgment of conviction void, and asks for vacation of the judgment and sentence, the motion is properly construed as a petition for post[-]conviction relief." *State v. Housley*, 2d Dist. Miami No. 2019-CA-12, 2020-Ohio-1143, ¶ 15, citing *State v.*

*Reynolds*, 79 Ohio St.3d 158, 160, 679 N.E.2d 1131 (1997). (Other citation omitted.) "The court should construe such a motion as a petition for post-conviction relief despite the caption given to the motion by the criminal defendant." (Citations omitted.) *State v. Raypole*, 12th Dist. Fayette No. CA99-05-012, 1999 WL 1042574, *3 (Nov. 15, 1999). *See also State v. Sage*, 2d Dist. Montgomery No. 28519, 2020-Ohio-3575, ¶ 10.

{¶ 15} In this case, Clemmons's "Claim of Actual Innocence" was filed after his direct appeal. Clemmons's "Claim of Actual Innocence" also sought the vacation of his rape conviction on grounds that his conviction was void because he was denied his constitutional rights to a fair trial and due process. Therefore, Clemmons's "Claim of Actual Innocence" satisfied all the criteria for it to be properly construed as a petition for post-conviction relief.

{¶ 16} For the reasons outlined above, Clemmons's fourth assignment of error is overruled.

**First, Second, and Third Assignments of Error**

{¶ 17} Under his first, second, and third assignments of error, Clemmons raises the same arguments that he raised in his "Claim of Actual Innocence." As previously noted, those arguments are: (1) the State had engaged in prosecutorial misconduct by knowingly presenting perjured testimony, failing to disclose evidence favorable to Clemmons, failing to correct false testimony, and interjecting the State's opinions about Clemmons's guilt during closing argument; (2) his conviction was not supported by sufficient evidence because the State did not produce substantial, competent evidence on all elements of the rape offense as charged in the indictment; and (3) his trial counsel

had provided ineffective assistance because counsel failed to interview witnesses prior to trial, present case law in Clemmons's defense, challenge certain trial exhibits submitted by the State, have Clemmons's mental competency assessed by a psychiatrist, object to certain witness testimony and the State's closing argument, request a lesser-included-offense jury instruction, obtain exculpatory evidence and DNA testing, and request an evidentiary hearing on alleged *Brady* material.

{¶ 18} We have already determined under Clemmons's fourth assignment of error that his "Claim of Actual Innocence" was properly construed as a petition for post-conviction relief. Petitions for post-conviction relief are governed by R.C. 2953.21 through R.C. 2953.23. Under these statutes, any defendant who has been convicted of a criminal offense and who claims to have experienced a denial or infringement of his or her constitutional rights may petition the trial court to vacate or set aside the judgment and sentence. R.C. 2953.21(A).

{¶ 19} When, as in this case, a direct appeal from a conviction has been taken, a petition for post-conviction relief must be filed no later than 365 days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction. R.C. 2953.21(A)(2). A trial court lacks jurisdiction to consider an untimely petition for post-conviction relief unless the untimeliness is excused under R.C. 2953.23(A). *State v. Current*, 2d Dist. Champaign No. 2012-CA-33, 2013-Ohio-1921, ¶ 16, citing *State v. Johnson*, 2d Dist. Montgomery No. 24775, 2012-Ohio-2542, ¶ 11. (Other citations omitted.)

{¶ 20} "Pursuant to R.C. 2953.23(A)(1)(a), a defendant may not file an untimely or successive petition for post-conviction relief unless (1) the defendant was unavoidably

prevented from discovering the facts upon which he or she relies to present the claim, or (2) the United States Supreme Court recognizes a new federal or state right that applies retroactively to his or her situation and the petition asserts a claim based on that right." *State v. Baker*, 2d Dist. Montgomery No. 27596, 2017-Ohio-8602, ¶ 13. "The petitioner must also show by clear and convincing evidence that, if not for the constitutional error from which he suffered, no reasonable factfinder would have found him guilty." *Id.*, citing R.C. 2953.23(A)(1)(b).

{¶ 21} In this case, Clemmons's direct appeal was decided by this court 12 years ago in 2009. Clemmons's May 17, 2021 "Claim of Actual Innocence," i.e., petition for post-conviction relief, was therefore untimely as it was filed well beyond the 365-day deadline set forth in R.C. 2953.21(A)(2).[1] The petition was also a successive petition as Clemmons previously had filed petitions for post-conviction relief in 2009 and 2018. Because Clemmons's "Claim of Actual Innocence" was an untimely, successive petition for post-conviction relief, in order for the trial court to have jurisdiction to consider the petition, Clemmons must have been unavoidably prevented from discovering the facts on which the claims in his petition were based or the claims must have been based on a new federal or state right.

{¶ 22} Upon review, we find that the claims raised in Clemmons's petition were, in essence, the same claims that he raised in his prior appeals and petitions. *See*

---

[1] Effective March 23, 2015, the deadline for filing petitions for post-conviction relief was changed from 180 days after the date on which the trial transcript is filed with the appellate court in the direct appeal to 365 days. Sub.H.B. 663, 2014 Ohio Laws 179. Under either deadline, Clemmons's petition was untimely, as he filed the trial transcript with this court for his direct appeal on August 15, 2008, and then filed his post-conviction "Claim of Actual Innocence" 4,658 days later on May 17, 2021.

*Clemmons I*, 2d Dist. Montgomery No. 22749, 2009-Ohio-2066, at ¶ 6-23 (finding Clemmons's rape conviction was supported by sufficient evidence and was not against the manifest weight of the evidence); *Clemmons III*, 2d Dist. Montgomery No. 27769, 2018-Ohio-2747, at ¶ 9-13 (finding res judicata barred Clemmons from raising claims related to prosecutorial misconduct at trial, the sufficiency of his indictment, the State's failure to disclose prior witness statements, and the trial court's reliance on perjured testimony); *Clemmons IV*, 2d Dist. Montgomery No. 28085, 2019-Ohio-2997, at ¶ 22-25 (finding res judicata barred Clemmons from raising claims of ineffective assistance of counsel and other trial-related matters). We also find that none of the claims raised in Clemmons's petition were based on newly discovered facts that Clemmons was unavoidably prevented from discovering or a new federal or state right. Therefore, the trial court lacked jurisdiction to consider Clemmons's untimely, successive petition and properly denied the petition on that basis.

{¶ 23} We also find that the claims raised in Clemmons's petition were barred by the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 176, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Res judicata also applies to any claim that was raised or could have been raised in a prior petition for post-conviction relief. *State v. Dixon*, 2d Dist. Montgomery No. 27991, 2019-Ohio-230, ¶ 18; *State v. McCain*, 2d Dist. Montgomery No.

27195, 2017-Ohio-7518, ¶ 35 ("res judicata applies to bar raising piecemeal claims in successive post-conviction relief petitions * * * that could have been raised, but were not, in the first post-conviction relief petition").

{¶ 24} In this case, all of the claims raised in Clemmons's "Claim of Actual Innocence" could have been raised in his direct appeal or in his prior post-conviction relief petitions. Therefore, the trial court correctly determined that those claims were barred by the doctrine of res judicata.

{¶ 25} For the foregoing reasons, Clemmons's first, second, and third assignments of error are overruled.

## Conclusion

{¶ 26} Having overruled all four assignments of error raised by Clemmons, the judgment of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Gregory Clemmons
Hon. Mary Katherine Huffman