MARCHEL, Appellee,

v.

MARCHEL, Appellant.

[Cite as *Marchel v. Marchel,* 160 Ohio App.3d 240, 2005-Ohio-1499.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 84947.

Decided March 31, 2005.

Kollin & Associates, Clement Kollin and Katherine A. Scheid, for appellee.

Ruth Fischbein–Cohen, for appellant.

SEAN C. GALLAGHER, Judge.

{¶ 1} Halina Marchel appeals from a judgment entry ordering her to deliver a quitclaim deed to her ex-husband, Heronin Marchel, on the couple's marital residence. She appeals, claiming that the court erred in adopting the magistrate's decision, in not finding that the parties' separation agreement was a contract, and in finding that fraud with a four-year statute of limitations was committed upon her while simultaneously finding that her Civ.R. 60(B) motion for relief from judgment was untimely. We affirm.

{¶ 2} The record reveals that the Marchels were married in December 1972 and filed for dissolution in December 1995. The dissolution was granted in January 1996, and both a judgment entry and separation agreement were filed outlining the agreed terms of dissolution. On several sections of the filed separation agreement, the original typewritten language regarding the disposition of the couple's marital residence upon their son reaching the age of majority was altered. Handwritten language ordering Mrs. Marchel to quitclaim her interest in the property to Mr. Marchel with the deliverance of a $35,000 cognovit note within seven years of the dissolution was added.

{¶ 3} Sometime between September and November 2000, Mr. Marchel contacted his ex-wife seeking an early payoff of his $35,000 mortgage debt. Mrs. Marchel, claiming no knowledge of such a term, hired attorney Teddy Sliwinski to investigate. In November 2000, Sliwinski filed a motion to vacate the agreement alleging fraud. Although a hearing on the motion was scheduled for February 2001, Sliwinski dismissed the motion shortly before the hearing, an act of which Mrs. Marchel claims she was unaware.

{¶ 4} In August 2003, Mr. Marchel filed a motion to enforce the terms of the separation agreement, seeking to order his ex-wife to execute the quitclaim deed. Mrs. Marchel responded by filing a motion to vacate the agreement, which was then followed by Mr. Marchel's motion to dismiss. As Mrs. Marchel had recently filed for bankruptcy, the bankruptcy trustee also filed a motion to intervene seeking the resolution of this $35,000 payment.

{¶ 5} An evidentiary hearing on the motions was held in January 2004, and a magistrate's decision was issued denying all motions with the exception of the motion to intervene. The judge subsequently adopted the magistrate's decision, and Mrs. Marchel appeals in the assignments of error set forth in the appendix to this opinion.

{¶ 6} In her first and fourth assignments of error, Mrs. Marchel claims error in the court's adoption of the magistrate's decision, specifically taking issue with the determination that her attempt to vacate the original separation agree-

ment is barred by the time provisions of Civ.R. 60(B) despite the converse finding of fraud. We address these assignments of error together, as they address the same subject matter.

{¶ 7} A trial court's adoption of a magistrate's decision is reviewed under an abuse-of-discretion standard of review. See *Mealey v. Mealey* (May 8, 1996), Wayne App. No. 95CA0093, 1996 WL 233491. Further, in analyzing her claim for relief, we turn to Civ.R. 60(B), which states:

(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc.

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

{¶ 8} To prevail on a Civ.R. 60(B) motion, " 'the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Argo Plastic Products Co. v. Cleveland* (1984), 15 Ohio St.3d 389, 391, 15 OBR 505, 474 N.E.2d 328, quoting *GTE Automatic Elec. v. ARC Industries* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. If any prong of this requirement is not satisfied, relief shall be denied. *Argo*, supra, at 391, 15 OBR 505, 474 N.E.2d 328. "A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122.

{¶ 9} The Marchels' dissolution was granted in January 1996, and almost five years later she retained Sliwinski to file a motion to vacate, which was later dismissed. After an additional three years passed, and only in response to Mr.

Marchel's filing of a motion to enforce the settlement agreement, Mrs. Marchel filed a second motion to vacate. She then repeatedly claimed that Sliwinski dismissed the original action without her knowledge or consent; however, although Sliwinski was available to testify regarding the reasons supporting the withdrawal of the motion to vacate, Mrs. Marchel refused to waive her privilege and allow him to testify. Instead, she repeatedly asserted self-serving allegations that Sliwinski withdrew the motion independently, yet she failed to file a malpractice action, failed to file a grievance, and has never filed a lawsuit based on this forbidden withdrawal.

{¶ 10} The facts surrounding the numerous motions were before the magistrate, and an evidentiary hearing was held in January 2004. After the hearing, the magistrate found that the circumstances surrounding the delay did not necessitate a reprieve from Civ.R. 60(B), and the trial court adopted this decision. While there is a significant dispute about whether an actual fraud occurred, the magistrate stopped short of an actual finding of fraud, stating instead that "some sort of fraud did occur," and inferring that the fraud was likely committed by Mrs. Marchel's now deceased divorce attorney. The magistrate and the court through its adoption of the decision, however, cites no specific evidence of fraud, only a mere possibility.[1]

{¶ 11} Moreover, although Mrs. Marchel cites *Klingman v. Klingman* (Nov. 30, 1984), Wood App. No. OT–84–12, 1984 WL 14432, to support her contention that even a five-year delay is an acceptable time period for filing a motion to vacate, *Klingman* is factually distinguishable. In *Klingman,* the husband hired an attorney to prepare a one-sided and biased separation agreement and petition for dissolution under which he was given all real and personal property—an amount in excess of $500,000, and full custody of the couple's two minor children. Conversely, the wife was given a 1971 automobile, no alimony, and only visitation rights. Five years later, the wife filed a motion to vacate the agreement, asserting that during the course of the marriage, and throughout the separation proceedings, she was repeatedly beaten, to the point of hospitalization, and had her life threatened. She was told that if she failed to accept the proposed separation agreement, she would be killed. In addition to the delay in filing the motion to vacate the agreement due to abuse and fear, the couple also reconciled for several years in between the filing of the agreement and the final motion to vacate, causing a further justification for delay. The judge found that under such circumstances, the delay in filing was excusable. That is not the case here.

---

1. We additionally note that in April 2003, Mrs. Marchel pled guilty to theft in violation of R.C. 2913.84 stemming from charges that she forged a credit application in Mr. Marchel's name and used the card to make numerous purchases, leaving an outstanding bill of over $7,000.

{¶ 12} The Marchels' separation agreement reflects a more equitable division of their property and custody arrangements for their remaining minor child. Although Mrs. Marchel claims in her brief that her ex-husband allegedly tried to run her over with a car at some unknown date, her claims of abuse and her rationale for failure to pursue the original motion to vacate judgment are unsupported in the record, as no transcript of the proceedings was ever requested under App.R. 9. Thus, no transcript is included in the record on appeal. Moreover, she would not allow her self-serving statement regarding Sliwinski's nonconsensual withdrawal of the motion to be supported by anything other than her own statements.

{¶ 13} For these reasons, the trial court did not err in finding that a three-year delay in filing a Civ.R. 60(B) motion was untimely. Mrs. Marchel's first and fourth assignments of error lack merit.

{¶ 14} In her second and third assignments of error, Mrs. Marchel claims that the court erred in disregarding the contract status of a separation agreement and in properly acknowledging the four-year statute of limitation on claims of fraud. We agree that the laws of contract govern a separation agreement of a decree of dissolution, *Brown v. Brown* (1993), 90 Ohio App.3d 781, 784, 630 N.E.2d 763. However, once judgment is entered, any subsequent actions are governed by Civ.R. 60(B). Specifically, Civ.R. 60(B)(3) recognizes fraud as a basis for relief from judgment. The rule, however, also mandates that such a motion must be made within a reasonable time. Based upon the trial court's finding on the untimeliness and our affirming this finding, any attempt to assert statute-of-limitations or contract issues to rectify a failure to timely file lacks merit. The second and third assignments of error lack merit.

{¶ 15} The judgment of the trial court is affirmed.

Judgment affirmed.

JAMES J. SWEENEY, P.J., and MICHAEL J. CORRIGAN, J., concur.

APPENDIX

ASSIGNMENTS OF ERROR

I. The court erred in adopting the magistrate's decision as the decision is contrary to the law and reason.

II. The court erred in disregarding the fact that a separation agreement to a dissolution is a contract and the laws of contract control it.

III. The court erred in disregarding the fact that fraud upon the court committed herein carries at least a four year statute of limitations.

IV. The court abused its discretion in enforcing the fraudulent separation agreement by holding that Halina Marchel was too late in filing her Civ.R. 60(B)(5) motion.