OPINION
{¶ 1} Defendant Russell Renicker, Jr. appeals a judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, which overruled his objection to an administrative order establishing child support. Appellant assigns three errors to the trial court:
 {¶ 2} "I. APPELLANT WAS DEPRIVED OF DUE PROCESS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHERE THE COURT DENIED HIS MOTION TO BE PRESENT TO TESTIFY AND GIVE EVIDENCE AT HIS CHILD SUPPORT HEARING.
 {¶ 3} "APPELLANT'S DRUG ADDICTION, WHICH IS DEFINED AS A HANDICAP UNDER O.R.C. 4112.01(A)(13), RESULTED IN HIS LOSS OF EMPLOYMENT, THUS HE SHOULD BE ENTITLED TO A DOWNWARD ADJUSTMENT OF HIS CHILD SUPPORT OBLIGATIONS.
 {¶ 4} "IT IS LEGALLY DEBATABLE WHETHER APPELLANT'S INCARCERATION WAS COMPLETELY VOLUNTARY WHERE HIS CRIMINAL ACTIVITY WAS SOLELY MOTIVATED TO SUPPORT HIS DISEASE OF DRUG ADDICTION."
 {¶ 5} The record indicates the Tuscarawas County Child Support Enforcement Agency issued an administrative order on February 23, 2007, finding appellant is the father of appellee Bobbie J. Abel's minor child. Thereafter, CSEA filed a complaint to establish child support, and served Appellant at the Mansfield Correctional Institution, where he is currently serving a 17 year prison term. The court scheduled the matter for hearing on June 29, 2007. On June 11, 2007, appellant filed a request for transport to *Page 3 
the hearing. On June 14, 2007, the magistrate to whom the matter had been referred denied the request for transport. Appellant did not file an objection to this order.
 {¶ 6} Appellee attended the hearing, but appellant was not present and was not represented by counsel. The magistrate overruled appellant's objections, and adopted the administrative order, which set child support of $225.09 per month, effective June 1, 2007. Appellant filed an objection to the magistrate's decision, arguing his incarceration was not caused by his voluntary acts. Appellant also asserted the court violated his due process rights in failing to transport him to the hearing. Appellant did not submit a transcript of the June 29, 2007 hearing with his objections to the report of the magistrate.
 {¶ 7} Civ. R. 53 (D)(2)(b) is headed "Objections to Magistrate's Decision." It provides in pertinent part:
 {¶ 8} "(iii) Objection to magistrate's factual finding; transcript oraffidavit.
 {¶ 9} An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections." *Page 4 
 {¶ 10} Subsection (iv) provides a party who has not objected to a magistrate's findings of fact or conclusions of law has waived all but plain errors.
 {¶ 11} It is well-established that a trial court's decision regarding child support obligations will not be disturbed on appeal absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St. 3d 142, 144,541 N.E.2d 1028. Likewise, a trial court's adoption of a magistrate's decision is reviewed under an abuse of discretion standard. Marchel v.Marchel, 160 Ohio App. 3d 240, 243, 826 N.E. 2d 887, 2005-Ohio-1499. An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable, Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. In applying the abuse of discretion standard, we must not substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.
 I {¶ 12} In his first assignment of error, appellant argues the court violated his right to due process and equal protection by not transporting him to the hearing on June 29.
 {¶ 13} Appellee argues appellant did not object to the magistrate's order denying his request, and as such, he has waived this assignment of error. The trial court's judgment from which appellant appeals does not address this issue.
 {¶ 14} We find the issue is not properly before us and we have no jurisdiction to review it. The first assignment of error is overruled.
 II III {¶ 15} Appellant's assignments of error II and III argue he is not voluntarily unemployed by reason of his incarceration because his criminal activity was motivated by a need to support his drug addiction, which is a handicap under Ohio law. *Page 5 
 {¶ 16} Appellant did not raise this issue before the magistrate, and did not submit any evidence of his addiction. Appellant did not submit a transcript of the hearing to the trial court. His objection to the magistrate's decision argued he suffered from temporary insanity because of his drug abuse, and hence the conduct which caused his incarceration was not voluntary. Because the court did not have a transcript, it addressed appellant's arguments as a matter of law. The court found appellant's actions while under the influence of crack cocaine did not relieve him of his duty to pay child support.
 {¶ 17} Appellant only argued temporary insanity, in his objections to the trial court, and raises the question of disability for the first time before us. We will address his arguments because the issue is basically the same: whether appellant's incarceration is involuntary because of his alleged drug use.
 {¶ 18} In Dreher v. Stevens, Defiance App. No. 4-05-20, 2006-Ohio-351, the Third District Court of Appeals reviewed a case similar to the one at bar. There, Stevens argued he was in prison because of activities related to his disability of alcohol and drug dependency. Stevens argued the court should have modified his child support order.
 {¶ 19} The court of appeals found Stevens was incarcerated not because of his disability, but because he chose to violate the conditions of his community control. The court of appeals found incarceration is not a basis for modification of child support, citing Williams v.Williams (September 24, 1992), Tenth District No. 92AP-438. InWilliams, the court stated: "A parent cannot, by intentional conduct or mere irresponsibility, seek relief from this duty of support. Defendant, who by his own wrongful conduct placed himself in a position that he is no longer available for gainful *Page 6 
employment is not entitled to relief from his obligation to support his child. Incarceration was a foreseeable result of his criminal conduct and thus deemed a voluntary act in and of itself." Dreher at
paragraph 20, quoting Williams supra.
 {¶ 20} Appellee concedes drug addiction is a handicap under Ohio's Worker's Compensation Laws but she urges us not treat appellant's criminal behavior as an excuse to avoid his moral and legal obligations to support his child.
 {¶ 21} We find appellant's incarceration is the result of a voluntary act. Appellant has voluntarily reduced his earning ability, and should be held to the same standard as any other parent who voluntarily reduces his or her income. Incarceration does not relieve appellant of his duty to support his child.
 {¶ 22} The second and third assignments of error are overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed.
 By Gwin, P.J., Edwards, J., and Delaney, J., concur *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Tuscarawas County, Ohio, is affirmed. Costs to appellant. *Page 1