{¶ 1} Plaintiffs-appellants, Ronald and Audrey Mickey, appeal from the judgment of the Parma Municipal Court that dismissed Audrey as party to the action and rendered judgment in favor of defendants-appellees, Frederick W. Denk and Gail Berzins, on their counterclaim. We affirm.
 {¶ 2} Appellants, pro se, filed suit against Denk and Berzins seeking $3,000 as compensation for lawn and snow removal services performed by Ronald Mickey at various properties owned by appellees. Appellees filed a counterclaim for $695. Appellees admitted that they owed payment of certain invoices to appellants, but asserted that they had overpaid other invoices from appellants, resulting in a net overpayment of $695.
 {¶ 3} Appellants filed a motion to dismiss appellees' counterclaim, which the court denied. A magistrate subsequently took evidence from the parties at a hearing. After the hearing, the magistrate issued his proposed decision recommending judgment in favor of appellees, because his review of the documents submitted by the parties demonstrated that appellees had overpaid appellants by $695. Appellants filed objections to the magistrate's decision.
 {¶ 4} In a subsequent journal entry, the trial judge denied appellants' objections, finding that their objections failed to comply with *Page 4 
Civ. R. 53(D)(3)(b)(ii), which requires that "an objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." The trial court ruled that although appellants' objections made "some reference" to appellees' business activities, they failed to set forth with specificity the particular parts of the magistrate's proposed decision to which they objected, either on the law or the facts.
 {¶ 5} The trial judge ruled further that, notwithstanding appellants' failure to comply with Civ. R. 53, the court had reviewed the evidence and approved the magistrate's proposed decision. The judge also ruled that the court's review of the evidence demonstrated that Audrey was not a proper party to the action. The trial court therefore entered judgment dismissing Audrey with prejudice from the case and in favor of appellees on their counterclaim against Ronald for $695.
 {¶ 6} Appellants arguments on appeal are confusing, at best, but seem to assert three errors by the trial court: 1) the court's ruling was against the manifest weight of the evidence; 2) the court erred in dismissing Audrey as a party; and 3) the court erred in overruling appellants' objections to the magistrate's proposed decision.
 {¶ 7} "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."C.E. Morris Co. v. Foley *Page 5 Constr. Co. (1978), 54 Ohio St.2d 279, at the syllabus. When considering whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80. "[A]n appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Id. at 80.
 {¶ 8} We find no error in the court's judgment in favor of appellees on their counterclaim. Although appellants argue that appellees' evidence was incomplete because they did not produce a report from a certified public accountant, the transcript of the hearing and the documents submitted by both appellants and appellees support the trial court's determination that appellees overpaid appellants by $695. Because the record contains competent, credible evidence to support the trial court's finding in favor of appellees, the court's judgment in favor of appellees is not against the manifest weight of the evidence.
 {¶ 9} Likewise, we find no error in the trial court's judgment dismissing Audrey with prejudice from the action. The record reflects that Roger performed the lawn maintenance and snow removal services for appellees, while Audrey's involvement was limited to doing Roger's bookkeeping.
 {¶ 10} Under Civ. R. 17(A), "every action shall be prosecuted in the name of the real party in interest." A real party in interest is one who is directly *Page 6 
benefitted or injured by the outcome of the case rather than one merely having an interest in the action itself. State ex rel. Village ofBotkins v. Laws, 69 Ohio St.3d 383, 387, 1994-Ohio-518, citing McCormac, Ohio Civil Rules Practice (2 Ed. 1992) 64, Section 4.02, citing W.Clermont Edn. Assn. v. W. Clermont Bd. of Edn. (1980),67 Ohio App.2d 160. In Ohio, only a party to a contract, or an intended third-party beneficiary of a contract, may bring an action on a contract. GrantThornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158, 161. Because there was no evidence that Audrey was a party to the contract with appellees, and she did not perform the snow removal and lawn maintenance services for which compensation was allegedly due, she can have no claim for reimbursement of those services from appellees and, likewise, they can make no claim against her. Accordingly, Audrey is not a real party in interest to the action.
 {¶ 11} Finally, we find no error in the trial court's judgment overruling appellants' objections to the magistrate's proposed decision. We agree with the trial court's determination that appellants' objections to the magistrate's proposed decision did not state with particularity, as required by Civ. R. 53(D)(3)(b)(ii), what parts of the magistrate's decision appellants objected to. Thus, the trial court could have overruled appellants' objections on this basis alone. Nevertheless, the trial court conducted a de novo review of the evidence, as required by Civ. R. 53(D)(4)(d), and concluded that appellees had overpaid appellants by $695. The decision to modify, affirm, or reverse a magistrate's *Page 7 
decision is within the trial court's discretion, and this court may not reverse the trial court's decision absent an abuse of discretion.Marchel v. Marchel, 160 Ohio App.3d 240, 2005-Ohio-1499, at ¶ 7. An "abuse of discretion" means the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Because we have already determined that the trial court's decision was not against the manifest weight of the evidence, we find no abuse of discretion in the trial court's judgment overruling appellants' objections to the magistrate's proposed decision and entering judgment in favor of appellees.
 {¶ 12} Appellants' assignments of error are overruled; the judgment of the trial court is affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, P.J., and ANN DYKE, J., CONCUR *Page 1