[Cite as *Stratton-Phillips v. Phillips*, 2024-Ohio-2399.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

KRISTINE N. STRATTON-PHILLIPS,

    PLAINTIFF-APPELLEE,              CASE NO. 8-23-27

   v.

REN C. PHILLIPS,                    O P I N I O N

    DEFENDANT-APPELLANT.

KRISTINE N. STRATTON-PHILLIPS,

    PLAINTIFF-APPELLEE,              CASE NO. 8-23-30

   v.

REN C. PHILLIPS,                    O P I N I O N

    DEFENDANT-APPELLANT

**Appeals from Logan County Common Pleas Court**
**Family Court Division**
**Trial Court No. DR22-08-0085**

**Appeal Dismissed in Case No. 8-23-27**
**Judgment Reversed and Cause Remanded in Case No. 8-23-30**

**Date of Decision: June 24, 2024**

**APPEARANCES:**

    *Miranda A. Warren* **for Appellant**

    *Daniel L. LaRoche* **for Appellee**

**WALDICK, J.**

{¶1} In this consolidated appeal, defendant-appellant, Ren Phillips ("Ren"), appeals the judgments of the Logan County Court of Common Pleas, Family Division, granting a divorce to plaintiff-appellee, Kristine Stratton-Phillips ("Kristine") and ordering Ren to pay child support and spousal support to Kristine. For the reasons set forth below, we dismiss the appeal in Case Number 8-23-27 and reverse the judgment of the trial court in Case Number 8-23-30.

*Procedural History*

{¶2} Ren and Kristine were married on October 18, 2014, and have three children together, born in 2012, 2015, and 2016.

{¶3} The trial court case underlying the appeals before this Court originated on August 25, 2022, when Kristine filed a complaint for divorce. After several months of pretrial proceedings, a final hearing was held before the trial court's magistrate on April 4, 2023.

{¶4} On May 19, 2023, a magistrate's decision was filed, reflecting that the parties stipulated to the resolution of a number of issues before the court in the divorce. However, one of the issues that the parties could not agree upon was the determination of the parties' incomes for purposes of calculating child support. The magistrate made findings of fact, including findings relating to the parties' employment and income. The magistrate's decision included a calculation of the

amount of child support that Ren should pay, as well as a recommendation that Ren pay spousal support.

**{¶5}** On July 27, 2023, Ren filed objections to the magistrate's decision. In particular, Ren objected to the magistrate's findings regarding his potential income for 2023.

**{¶6}** On August 21, 2023, Kristine filed a memorandum in opposition to Ren's objection to the magistrate's decision.

**{¶7}** On October 3, 2023, the trial court filed a judgment entry finding Ren's objections to be not well taken, overruling those objections, and adopting the magistrate's findings and recommendations. The trial court granted a divorce and entered orders relating to the division of marital assets and debt, spousal support, and other several other pertinent issues. The trial court ordered that Kristine's counsel prepare a judgment entry relating to child support and medical support consistent with the magistrate's recommendations, to be provided to the court by October 20, 2023.

**{¶8}** On October 17, 2023, Ren filed a notice of appeal of the trial court's October 3, 2023 judgment. That appeal is Case Number 8-23-27.

**{¶9}** On October 31, 2023, the trial court filed a judgment entry containing orders relating to child support and medical support.

**{¶10}** On November 9, 2023, Ren filed a notice of appeal of the trial court's October 31, 2023 judgment. That appeal is Case Number 8-23-30.

{¶11} On November 30, 2023, this Court ordered that the two appellate cases be consolidated for transcript of proceedings, briefing, and oral argument, with filings to be in Case Number 8-23-27.

{¶12} Upon further consideration, this Court finds that the October 3, 2023 judgment of the trial court that was appealed in Case Number 8-23-27 was not a final appealable order, as the issue of child support was left unresolved. *See* R.C. 2505.02; Civ.R. 75. Therefore, Case Number 8-23-27 must be dismissed for lack of jurisdiction.

{¶13} As the October 31, 2023 judgment of the trial court resolved the issues that remained outstanding in the case, that judgment is a final appealable order. As all interlocutory orders of the trial court, including the October 3, 2023 judgment, merged into the October 31, 2023 final judgment, all issues raised herein are properly before this Court in Case Number 8-23-30.

{¶14} On appeal, Ren raises six assignments of error.

**First Assignment of Error**

**The trial court failed to consider binding law when calculating husband's income for the purpose of child support.**

**Second Assignment of Error**

**The trial court erred in calculating husband's income for the purpose of child support.**

**Third Assignment of Error**

**It was an abuse of discretion and against the manifest weight of the evidence when the trial court calculated the husband's income for the purpose of child support.**

**Fourth Assignment of Error**

**The trial court failed to consider binding law when calculating husband's income for the purpose of spousal support.**

**Fifth Assignment of Error**

**The trial court erred in calculating husband's income for the purpose of spousal support.**

**Sixth Assignment of Error**

**It was an abuse of discretion and against the manifest weight of the evidence when the trial court calculated the husband's income for the purpose of spousal support.**

{¶15} In the six assignments of error, which we shall address in a collective manner, Ren asserts that the trial court erred in calculating his income for purposes of child support and spousal support. Specifically, Ren argues that the trial court failed to apply the appropriate law in calculating the potential overtime and bonus income to be included in his annual income, and in then basing child support and spousal support orders on that miscalculated income.

{¶16} At the time of the final hearing held on April 4, 2023, the evidence reflected that Ren was working full time at St. Marys Cement, after having worked at Granite Inliner for most of the marriage. Ren testified that his last day with Granite Inliner was January 28, 2022, and that he began working at St. Marys

Cement on January 31, 2022. Ren switched jobs so that he could spend more time with the children. At St. Marys Cement, his hourly wage was slightly less than his prior wage and he testified that less overtime was available to him at the new job than with his prior employer.

{¶17} Ren's testimony, as well as documentary evidence that was introduced, established Ren was making $23.50 per hour at St. Marys. Ren testified that he is guaranteed 40 hours per week at that job. Ren further testified that he had no idea when he might get a raise, but his understanding was that he would get a bonus one time per year as long as the company was doing well financially.

{¶18} A paystub and tax records were introduced in evidence reflecting the income Ren made at St. Marys Cement for the eleven months he worked there in 2022. Additionally, a current paystub for the pay date of March 31, 2023 (pay period ending March 23, 2023) showed $17,523.16 in 2023 year-to-date earnings for Ren at St. Marys. When asked whether that $17,523.16 figure was just his base pay, Ren testified it was not. Ren testified that the $17,523.16 included a $3,981 one-time merit bonus that he had received early in 2023. Ren testified that there would not be similar recurring bonuses throughout the year, and there was no guarantee that he would receive such a bonus in future years. As to overtime, Ren's pay records reflected that, as of March 23, 2023, he had thus far in 2023 worked 26.5 hours of overtime at time-and-a-half, and 8.25 hours of double-time overtime. With regard to his overtime at St. Marys, Ren testified that overtime is

not guaranteed and that there are weeks when he gets no overtime at all. Ren testified that he did not believe that he would earn $72,000 at St. Marys in 2023, with $72,000 being the amount Kristine was asserting should be determined by the trial court to be Ren's income.

{¶19} In the magistrate's decision issued on May 19, 2023, the magistrate calculated Ren's income to be $71,860.36 per year, a finding that was adopted by the trial court and incorporated into the court's final judgment.

{¶20} In reaching that determination as to Ren's income, the magistrate found as follows:

> In January 2022, Husband left a position at Granite Inligner [*sic*], located in Hilliard, Ohio, to take a job at St. Mary [*sic*] Cement Inc., located in Marysville, Ohio, cutting his commute in half. Husband earned $25.40 per hour at Granite Inligner [*sic*], and further earned overtime totaling $17,935.98 in 2020 and $11,048.91 in 2021, per Wife's Exhibit 14. Husband began working for St. Mary [*sic*] in 2022 earning only $23.50 per hour. In the 11 months he worked for St. Mary [*sic*] in 2022 he earned $47,734.41 which included $3,554.41 in overtime. Husband has thus far in 2023 already earned $1,321.88 in overtime and $3,981.28 in a what he testified was a "merit bonus." While Husband testified that this was not a guaranteed sum, Husband failed to put on any corroborating evidence to show he was not likely to continue to earn income at the rate he has thus far in 2023. Extrapolating out to 52 weeks the overtime and bonuses he's earned in just 12 weeks Husband is reasonably expected to be capable of earning $22,980.36 in overtime and bonuses in 2023. The difference between the amount of income from overtime, bonuses and commissions determined from the guidelines worksheet ($3,554.41 earned in 2022 would be the value used) and what he is reasonably expected to earn in 2023 ($22,980.36), totals $19,425.95. As such, Husband is reasonably expected to earn income totaling his regular gross wages ($48,880.00), his actual overtime from 2022 ($3,554.41),

and his expected additional earnings ($19,425.95) for a total imputed income amount of $71,860.36 per year.

(5/19/23 Magistrate's Decision, Docket No. 56).

The magistrate further found:

Husband took his current job well before any proceedings were initiated herein. Further, Husband gains time with his family from the shorter commute and did not incur a substantial pay cut. However, while Husband did not earn bonuses in his first year, he already has earned $3,981.28 in bonus earnings for the first quarter of 2023, as well as $3,554.41 in overtime. Extrapolated out, Husband's bonuses and overtime in his new position will keep him well within the range of income he earned at his prior position in the three years prior to taking his new job. Husband is likely to earn no less than $71,860.36 in 2023.

(*Id*.).

**{¶21}** On appeal, Ren argues in the first three assignments of error that the trial court erred in failing to follow the dictates of R.C. 3119.05(D) when calculating Ren's annual income for child support purposes, specifically as to the bonus and overtime income that the court included in determining Ren's total annual income to be $71,860.36.

**{¶22}** A trial court has considerable discretion relating to the calculation of child support and, absent an abuse of discretion, an appellate court will not disturb a child support order. *Pauly v. Pauly,* 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997). A trial court's adoption of a magistrate's decision is also reviewed under an abuse of discretion standard. *Clark v. Clark*, 3d Dist. Henry No. 7-15-09, 2015-Ohio-3818, ¶ 28, citing *Marchel v. Marchel,* 160 Ohio App.3d 240, 243, 2005-Ohio-

1499 (8th Dist.). An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶23} R.C. 3119.05 sets forth guidelines for a court to follow when calculating the income of parents for purposes of computing child support. R.C. 3119.05(D) provides:

> When a court computes the amount of child support required to be paid under a court child support order or a child support enforcement agency computes the amount of child support to be paid pursuant to an administrative child support order, all of the following apply:
>
> (D) When the court or agency calculates the annual income of a parent, it shall include the lesser of the following as income from overtime and bonuses:
>
> (1) The yearly average of all overtime, commissions, and bonuses received during the three years immediately prior to the time when the person's child support obligation is being computed;
>
> (2) The total overtime, commissions, and bonuses received during the year immediately prior to the time when the person's child support obligation is being computed.

{¶24} When confronted with income earned through overtime, bonuses, or commissions, a trial court must follow the statutory directives contained in R.C. 3119.05(D) for calculating gross income before determining the appropriate child support award based on that income. *A.S. v. J.W.*, 157 Ohio St.3d 47, 2019-Ohio-2473.

{¶25} In *A.S. v. J.W.*, the trial court averaged the father's commissions received during 2014 and 2015 and his projected commissions for 2016. It then

added that figure to the father's 2016 salary to determine the father's total gross income for 2016. The Supreme Court of Ohio found, "the magistrate deviated from the mandate of R.C. 3119.05(D)(1) by using the current year's projected commissions when calculating the average commissions to be included in Father's total annual gross income. Instead, the court should have used the average of the commissions earned during 2013, 2014, and 2015, or the commissions earned in 2015, whichever is lower. R.C. 3119.05(D)." *Id.* at ¶ 21.

{¶26} In the instant case, the magistrate calculated Ren's annual income based on his current hourly wage, but then also included in that calculation an extra $22,980.36 for overtime and bonuses. As reflected by the magistrate's decision, that $22,980.36 amount was based on (1) Ren's $3554.41 overtime earned in 2022, the year immediately prior to the time of the calculation, and (2) his "expected additional earnings" of $19,425.95 in 2023. The $19,425.95 sum of "expected additional earnings" of overtime and bonuses in 2023 was based on the magistrate's considering the overtime and bonuses earned by Ren in the first 12 weeks of 2023, extrapolating that sum out for the remaining weeks of 2023, and then subtracting the $3554.41 overtime earnings from 2022.

{¶27} Thus, when calculating Ren's supplemental income from overtime and bonuses, the trial court arbitrarily considered income information beyond the scope of what must be considered pursuant to R.C. 3119.05(D), and did not calculate overtime and bonus income in the manner required by that statute. For that reason,

-10-

we find that the trial court abused its discretion in calculating Ren's income for child support purposes, and we sustain the first, second, and third assignments of error.

{¶28} In the fourth, fifth, and sixth assignments of error, Ren asserts that the trial court erred in calculating his income for purposes of spousal support.

{¶29} Trial courts have broad discretion concerning an award of spousal support. *Schwieterman v. Schwieterman*, 3d Dist. Logan No. 8-19-49, 2020-Ohio-4881, ¶ 69. Therefore, a trial court's decision related to spousal support will not be reversed absent an abuse of discretion. *Reed v. Reed*, 3d Dist. Hardin No. 6-22-03, 2023-Ohio-756, ¶ 33.

{¶30} R.C. 3105.18 governs the award of spousal support in divorce cases. "'[S]pousal support' means any payment or payments to be made to a spouse or former spouse, or to a third party for the benefit of a spouse or a former spouse, that is both for sustenance and for support of the spouse or former spouse." R.C. 3105.18(A). "In divorce * * * proceedings, upon the request of either party and after the court determines the division or disbursement of property * * *, the court of common pleas may award reasonable spousal support to either party." R.C. 3105.18(B).

{¶31} R.C. 3105.18(C)(1) contains a list of factors to be considered by a court in determining whether spousal support should be ordered, and provides:

> In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and

duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

(n) Any other factor that the court expressly finds to be relevant and equitable.

**{¶32}** Finally, an award of spousal support is not based solely on the need of a party but must also be balanced against the obligor's ability to pay. *Reed*, *supra*, at ¶ 42.

**{¶33}** In the instant case, the magistrate's decision contains the following findings and recommendation with regard to spousal support, also adopted and incorporated into the trial court's final judgment:

> Considering Husband's and Wife's income, after tax, and guideline child support, a disparity in income between the Parties equals $20,216.29. Given the length of marriage, the ability and earning history and capacity of the Parties, and the fact that Wife has been and will continue to be the primary care provider for the Parties' three children, spousal support in the amount of $300.00 per month for thirty six [*sic*] (36) months is appropriate. The Parties have only been married 8 years and support would typically only be appropriate for 2 to 2.5 years. However, in this case, the Parties' children are young in age and Wife is the primary caregiver. As such, Wife should be given support for an additional six months.

(5/19/23 Magistrate's Decision, Docket No. 56).

**{¶34}** In addition to that portion of the magistrate's decision, a review of the decision in its entirety reflects that the magistrate considered the relevant factors set forth in R.C. 3105.18(C) in determining the amount and duration of spousal support.

**{¶35}** However, because the trial court's award of spousal support was based, in part, on Ren's income as determined by the court for child support purposes, and because the court erred in calculating that income as discussed above, we find that Ren's claims on appeal as to the spousal support order also have merit.

**{¶36}** The fourth, fifth, and sixth assignments of error are therefore sustained.

*Conclusion*

**{¶37}** Case Number 8-23-27 is dismissed for lack of a final appealable order. In Case Number 8-23-30, having found error prejudicial to the appellant, Ren C. Phillips, the judgment of the Logan County Court of Common Pleas, Family Division, is reversed and the case is remanded to the trial court for further proceedings.

*Case Number 8-23-27 – Dismissed.*

*Case Number 8-23-30 – Judgment reversed and cause remanded.*

**WILLAMOWSKI, P.J., and MILLER, J., concur.**