[Cite as *Capital One, N.A. v. Outland*, 2025-Ohio-2229.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| CAPITAL ONE, N.A., | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 114668 |
| v. | : | |
| CHRISTOPHER M. OUTLAND, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 26, 2025

Civil Appeal from the Cleveland Municipal Court
Case No. 2024-CVF-000018

*Appearances:*

Weltman, Weinberg & Reis, Co, L.P.A., and Roy J. Schechter, *for appellee.*

Christopher M. Outland, *pro se.*

EILEEN A. GALLAGHER, A.J.:

{¶ 1} Pro se appellant Christopher M. Outland ("Outland") appeals the trial court's judgment granting appellee Capital One, N.A.'s ("Capital One") motion for summary judgment. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

{¶ 2} This case stems from a complaint filed by Capital One against Outland alleging Outland's use of, and default on, a Capital One credit card account. The complaint attached the cardmember agreement ("CMA") and a copy of Outland's last credit card statement that showed an outstanding balance of $9,669.97.

{¶ 3} On February 15, 2024, Outland filed an answer denying the allegations.

{¶ 4} On September 12, 2024, Capital One filed a motion for summary judgment that was supported by an affidavit from a Capital One Litigation Support Representative along with copies of monthly statements and the CMA. Outland filed a brief in opposition that only attached his affidavit. No other documentary evidence was provided by Outland in his brief in opposition.

{¶ 5} On December 6, 2024, the trial court granted Capital One's motion for summary judgement and awarded $9,669.97, plus eight percent interest per annum from the date of judgment and court costs.

{¶ 6} On December 17, 2024, Outland appealed the trial court's judgment raising the following three assignments of error:

> **Assignment of Error 1**: The trial court committed prejudicial error in granting plaintiff-appellee's motion for summary judgment, finding that the facts do not support a conclusion that plaintiff-appellee is a real party in interest.
>
> **Assignment of Error 2**: The trial court committed prejudicial error in granting plaintiff-appellee's motion for summary judgement, finding

that the facts do not support a conclusion that there were no material facts in dispute. Debt collector failed to validate debt before suing.

**Assignment of Error 3**: The trial court committed prejudicial error in granting plaintiff-appellee's motion for summary judgement, finding that the facts do not support a conclusion that there were no material facts in dispute. Debt was paid through insurance premium.

## LAW AND ARGUMENT

{¶ 7} At the outset, we note that Outland has been proceeding through this case pro se, without the advice of a licensed attorney. However, "[u]nder Ohio law, pro se litigants are held to the same standard as all other litigants." *Bikkani v. Lee,* 2008-Ohio-3130, ¶ 29 (8th Dist.), citing *Kilroy v. B.H. Lakeshore Co.,* 111 Ohio App.3d 357, 363, 676 (8th Dist. 1996). "'"It is well established that *pro se* litigants are presumed to have knowledge of the law and legal procedures and that they are held to the same standard as litigants who are represented by counsel."'" (Emphasis in original.) *State ex rel. Neil v. French,* 2018-Ohio-2692, ¶ 10, quoting *State ex rel. Fuller v. Mengel,* 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.,* 145 Ohio App.3d 651, 654 (10th Dist. 2001).

### Motion for Summary Judgment

{¶ 8} We review, de novo, a trial court's decision granting summary judgment, applying the same standard as the trial court under Civ.R. 56(C). *Wells Fargo Bank, N.A. v. Lundeen,* 2020-Ohio-28, ¶ 10 (8th Dist.), citing *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). "We accord no deference to the trial court's decision and independently review the record to determine whether

summary judgment is appropriate." *Lundeen* at ¶ 10, citing *Ruf v. Belfance*, 2013-Ohio-160, ¶ 8 (9th Dist.).

{¶ 9} "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 14 (8th Dist.), *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims." *Deutsche Bank Natl. Trust Co. v. Talliere*, 2023-Ohio-75, ¶ 11 (8th Dist.), citing *Dresher*. The only evidence to be considered in deciding summary judgment is that which is found in the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C).

{¶ 10} "After the moving party has satisfied this initial burden, the nonmoving party has a reciprocal duty to set forth specific facts by the means listed in Civ.R. 56(C) showing that there is a genuine issue of material fact" for trial. *Talliere* at ¶ 11.

{¶ 11} For a breach of contract claim a party must show "'(1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant and (4) resulting damages to the plaintiff.'" *Capital One Bank (U.S.A.), N.A. v. McCladdie*, 2022-Ohio-4082, ¶ 21 (8th Dist.), quoting *Garfield Estates, L.L.C. v. Whittington*, 2021-Ohio-211, ¶ 20 (8th Dist.).

{¶ 12} Furthermore, to prevail on a sum due on an account as in this case, Capital One must also prove:

> "(1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due."

*McCladdie* at ¶ 21, quoting *Whittington* at ¶ 20, quoting *Discover Bank v. Pierce*, 2014-Ohio-625, ¶ 17 (2d Dist.).

{¶ 13} It appears, pursuant to Outland's brief, that he is not disputing that there was a contract on an account, that it was breached by him and that he owes Capital One $9,669.97 on this account. Outland argues that summary judgment was improperly granted for three specific reasons: that Capital One was not the real party in interest; that the debt collector failed to validate the debt and that the debt was paid by insurance.

{¶ 14} In Outland's first assignment of error, he argues that summary judgment was improperly granted because the facts establish that Capital One is not a real party in interest because it has "securitized its credit card receivables."

{¶ 15} Pursuant to Civ.R. 17(A), "'[e]very action shall be prosecuted in the name of the real party in interest.'" *Wells Fargo Bank, N.A. v. Stovall*, 2010-Ohio-236, ¶ 14 (8th Dist.), quoting *Deutsche Bank Natl. Trust Co. v. Pagani*, 2009-Ohio-5665, (5th Dist.); Civ.R. 17(A). "A real party in interest is one who is directly benefitted or injured by the outcome of the case rather than one merely having an

interest in the action itself." *Mickey v. Denk*, 2008-Ohio-3983, ¶ 10 (8th Dist.). Under Ohio law, "only a party to a contract, or an intended third-party beneficiary of a contract, may bring an action on a contract." *Id.*, citing *Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161 (1991).

{¶ 16} Here, Outland disputes that Capital One, as the original creditor and a party to the CMA with Outland, is a real party in interest able to bring its breach of contract claim against Outland. There is no evidence that Capital One is not a party to the CMA. Similarly, in his brief, Outland provides no evidence and fails to establish any facts that Capital One is not a real party in interest under the CMA. Outland puts forth no evidence establishing that this debt was securitized as a credit card receivable or, even if it was, that would make Capital One not a real party in interest. Capital One is the real party in interest to the enforcement of the CMA.

{¶ 17} As such, Outland's first assignment of error is overruled.

{¶ 18} In Outland's second assignment of error, he argues that summary judgment was improper because there is a genuine issue of material fact regarding whether Capital One failed to validate the debt at Outland's demand pursuant to 15 U.S.C. 1692, the Fair Debt Collection Practices Act ("FDCPA").

{¶ 19} "The FDCPA aims 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'"

*Cagayat v. United Collection Bur., Inc*, 952 F.3d 749, 753 (6th Cir. 2020), quoting 15 U.S.C. 1692.

{¶ 20} A debt collector is defined under the FDCPA as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. 1692(a)(6). "The term 'debt collector' has a particular meaning . . . it refers only to persons attempting to collect debts due 'another.'" *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 735 (6th Cir. 2007), quoting 15 U.S.C 1692(a)(6); *see also Stafford v. Cross Country Bank*, 262 F.Supp.2d 776, 794 (W.D. Ky 2003) (it is "well-settled" that "a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts").

{¶ 21} Under 15 U.S.C. 1692g(b), a "debt collector" is required to validate debts at the request of a consumer. Creditors are not subject to the FDCPA when collecting their own accounts. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003). It is well settled that "[a] financial institution like Capital One that issues a credit card on which it seeks to collect payment is a 'creditor' and not a 'debt collector' under the FDCPA." *Barnes v. Capital One Fin. Corp.*, S.D.Ohio No. 1:23-cv-182, 2023 U.S. Dist. LEXIS 181954, *7 (Oct. 10, 2023).

{¶ 22} Because Capital One is not a debt collector and is instead an original creditor, 15 U.S.C. 1692g(b) does not apply to Capital One. As such, whether Capital

One validated this debt at Outland's request is immaterial because it had no such obligation under the FDCPA. This does not create a genuine issue of material fact.

{¶ 23} Wherefore, we overrule Outland's second assignment of error.

{¶ 24} In Outland's third assignment of error, he argues that summary judgment was improper because there is a material fact in dispute that his debt was paid through an insurance premium. To support this argument, Outland cites to one federal statute, 15 U.S.C. 1605(a)(5), and one federal district court case from Indiana. Our review of 15 U.S.C. 1605(a)(5) shows that it does not include the word "insurance" or "insurance premium" and, therefore, does not support his argument under this assignment of error. Furthermore, a federal case from Indiana does not appear to be factually relevant and is not binding on this court. *See State v. Clemmons*, 2018-Ohio-2747, ¶ 12 (2d Dist.) ("[S]tate courts generally are not bound by decisions of federal courts, except for decisions of the United States Supreme Court.").

{¶ 25} Nonetheless, we review the assignment of error on the merits to the extent possible. A review of the record shows that there is absolutely no evidence put forth by Outland to support this allegation that his debt was paid off through some type of insurance premium's finance charge. No testimony or documents in the record support this allegation. This unsupported allegation is not sufficient to create a genuine issue of material fact as required by Outland to avoid summary judgment.

{¶ 26} As such, we find that there is no evidence to support Outland's allegation that this debt to Capital One was paid through an insurance premium. Therefore, there is no genuine issue of material fact regarding this issue.

{¶ 27} Wherefore, Outland's third assignment of error is overruled.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, ADMINISTRATIVE JUDGE

EMANUELLA D. GROVES, J., and
ANITA LASTER MAYS, J., CONCUR